UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KELLY D. BARROW, ET AL.                          CIVIL ACTION

Versus                                           NO: 11-1497

JOHN DOE, ET AL.                                 SECTION: "F"

ORDER & REASONS

Before the Court are State Farm and Scott Gray/Vetco Gray, LLC's motions to dismiss.  For the reasons that follow, the motions are GRANTED.

I. Background

This case involves an auto accident.  In December 2010, plaintiff Kelly Barrow was driving her car on Interstate 10 when a vehicle merged into her lane and struck the plaintiff's car at the front end on the driver's side.  The vehicle did not stop, and the identity of the vehicle's driver is unknown.  Immediately after the collision with the unidentified car, plaintiff put on her brakes and was struck from behind by Scott Gray.

The plaintiff sued the unknown John Doe driver, Scott Gray, Vetco Gray, Inc. (Scott Gray's employer), and their respective insurance companies, alleging negligent driving.  Plaintiff also joined her minor children in the lawsuit, seeking damages on their behalf for loss of consortium and loss of support and services.  She asserts in her amended complaint that she is the children's tutrix, as she and her husband are divorced, and she

1

has domiciliary custody over them.

## II.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). In deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

## III.

Defendants ask the Court to dismiss plaintiff's complaint because plaintiff lacks the capacity to sue on behalf of her children.

The defendants urge that under Federal Rule of Civil Procedure 17(b), a person's capacity to sue on behalf of another is determined under State law. Under Louisiana law, a divorced parent does not have the capacity to bring suit on behalf of her children unless and until she is formally qualified as the

children's tutrix.  See La. C.C.P. Art. 4061. Plaintiff does not dispute this.

In their motions to dismiss, defendants argue that plaintiff has failed to present any evidence showing that she is the qualified tutrix of her two children.  Without such proof, plaintiff has failed to establish that she has the capacity to represent her children in pursuing their claims for damages in this case.

Accordingly, IT IS ORDERED: the motion to dismiss is GRANTED and the plaintiff's claim for damages on behalf of her children are dismissed.

New Orleans, Louisiana, November 9, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE